BERTHA M. WILKINSON v. CLARENCE E. TURNBULL.[1]

January 22, 1926.

Nos. 24,919, 24,920.

**Verdict sustained.**
1. Evidence considered and *held* to support the verdict and the issues made by the answer.

**No new trial because of surprise at trial.**
2. We find no merit in the contention that appellant is entitled to a new trial on account of surprise occurring at the trial.

**Charge to jury.**
3. The charge of the court to the jury was full and fair and clearly submitted all of the issues to the jury. There was no error in the refusal of the requested instructions.

**Rulings on admission of evidence sustained.**
4. The rulings upon the admissibility of evidence, sought to be elicited from the defendant while upon the stand for cross-examination under the statute, were correct.

Motor Vehicles, 28 Cyc. pp. 47 n. 20; 49 n. 49.
New Trial, 29 Cyc. p. 872 n. 13.
Trial, 38 Cyc. p. 1700 n. 29.
Witnesses, 40 Cyc. p. 2508 n. 22.

[1]Reported in 206 N. W. 950.

Two actions in the district court for Freeborn county to recover for personal injuries, loss of services of wife and injuries to automobile. The cases were tried together before Peterson, J., and a jury which returned a verdict in favor of defendant in each case. Plaintiffs appealed from orders denying their respective motions for a new trial. Affirmed.

*Mead & Bryngelson,* for appellants.

*K. A. Campbell* and *B. Burness,* for respondent.

QUINN, J.

Johnson street extends in a northerly and southerly direction and crosses Broadway at right angles in the outskirts of the city of Minneapolis. Plaintiffs are husband and wife. The husband owns and drives a Buick automobile. On the afternoon of October 10, 1923, the husband was driving south, near the curb, along the west side of Johnson street, toward Broadway, his wife riding with him. The defendant was approaching from the east, along the curb, on the north side of Broadway, in his new Jewett touring car.

Appellant's car was running at a speed variously estimated at from 10 to 18 miles per hour, and the respondent's car at a speed from 20 to 35 miles per hour. As appellant's car approached the intersection, the driver observed respondent's car coming from the east, did not slacken his speed, but continued on his way south at the same rate. As the rear end of his car reached about the center line of the intersection, the left front wheel of respondent's car collided with the left rear wheel of appellant's car, driving it in a southwesterly direction, about 35 feet, to the corner of the intersection, somewhat injuring Mrs. Wilkinson and damaging the car to a considerable extent.

The two actions above entitled were brought to recover damages for personal injuries to each of the appellants and for damage to the car. There was a trial and a verdict in favor of the defendant. From an order denying plaintiff's motion for a new trial, this appeal was taken.

The theory upon which plaintiff's case was tried is, as clearly appears from their pleadings and the record: First, that the de-

fendant was guilty of violating the right-of-way statute; second, excessive speed; third, failure to keep a proper lookout; fourth, lack of control. The answer is a general denial, defendant contending that the accident was the result of an unforeseen and unavoidable happening or accident. He claims that, as he approached the intersection, he was going at a speed of from 20 to 25 miles per hour; that he eased up on the foot-throttle, applied the brakes and lessened his speed so as to allow appellants to cross the intersection first, at which moment one of the front wheels of his car went into a hole in the pavement, thereby jarring the footboard of his car loose so that it pushed against the foot-throttle, increased the flow of gas, caused the motor to speed up, and the car to shoot ahead in such a manner that it struck appellant's car, all without any fault or negligence on his part.

The appellant Wilkinson testified that the pavement at the intersection was broken and sunken along Broadway where it intersects with Johnson street; that there was a hole there where the concrete was broken. The witness Lindholm, called by appellants, testified that he noticed the condition of the pavement at the intersection and that it was rough. The defendant testified that he was driving at a speed of from 20 to 25 miles per hour, along the curb, on the north side of Broadway, as he approached the intersection; that he saw appellant's car; that it was going south at about 15 to 18 miles per hour, near the curb, on the west side of Johnson street; that both cars approached the intersection at about the same time; that he applied his brake and slowed up a little so as to allow plaintiff to pass ahead of him; that he was watching appellant's car, with his foot on the brake, when one of his front wheels struck a hole in the pavement and his car shot ahead; that at the same moment the wheel went into the hole, the car shot ahead and hit the rear left wheel of appellant's car; that when he got out he found his motor racing; that the foot-throttle was sticking and would not come back into place; that he hit the floor body to release the throttle and it came back up into place.

By its verdict, the jury evidently adopted the theory of the defendant upon the issue of his negligence. There is ample evidence

in the record to support a finding that the collision was the result of an unforeseen and unavoidable happening, as contended for by respondent, and that the accident was not the result of negligence on his part.

Appellants claim that, in several respects, they were taken by surprise upon the trial and on account thereof should be given a new trial. We find no merit in this contention. Appellants claim they were prejudiced in that the witness Lindholm had left the court before they were informed of the nature of the defense upon which respondent relied. The witness had been in attendance, had testified as to the condition of the pavement at the intersection, at the solicitation of appellants, and, if it was necessary for them to use him further as a witness upon that issue, they should have retained his presence at the trial. The same may be said of the doctor, by whose absence, at the time of the exhibition of the X-ray pictures to the jury, they claim to have been prejudiced.

We have read the general charge, as given by the trial court to the jury, with considerable care, and are satisfied that it presented all of the issues fully and fairly to the jury, nor do we find any error in its refusal to give the requested charges. In this respect, it may be remarked that the last request was not prepared nor presented to the court until after the jury had retired. The ruling upon the admissibility of evidence, sought to be elicited from the defendant while upon the stand for cross-examination under the statute, was correct. There is evidence in the record to support the verdict.

Affirmed.